Janice F. Mulligan, SBN: 99080
Elizabeth A. Banham, SBN: 131734
Brian K. Findley, SBN: 251172
**MULLIGAN, BANHAM & FINDLEY**
2442 Fourth Avenue, Suite 100
San Diego, California 92101
Tel: (619) 238-8700 | Fax: (619) 238-8701
Email: findley@janmulligan.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN LICHTEFELD, an individual, and JASON LICHTEFELD, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. **'14CV2286 GPC JLB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Wrongful Death**<br>**2. Negligent Infliction of Emotional Distress** |

Plaintiffs, KRISTIN LICHTEFELD and JASON LICHTEFELD, allege as follows:

## **PARTIES**

1. Plaintiff, KRISTIN LICHTEFELD ("Mrs. Lichtefeld"), was at all times relevant to this Complaint, an individual residing in San Diego County, California. She is the mother of deceased infant, Noah Lichtefeld.

2. Plaintiff, JASON LICHTEFELD ("Mr. Lichtefeld"), was at all times relevant to this Complaint, an individual residing in San Diego County, California. He is the father of deceased infant, Noah Lichtefeld.

3. Naval Medical Center San Diego Hospital ("NMCSD") is a United States Naval Hospital located at 34800 Bob Wilson Drive in the City and County of San Diego, California. NMCSD is operated by the U.S. Department of the Navy and is subject to the authority, direction and control of Defendant, THE UNITED STATES OF AMERICA.

4. At all relevant times, the physicians, nurses, staff, technicians, and other care providers and personnel present and providing services at NMCSD relevant to the occurrences herein (the "NMCSD Staff") were employees and agents of NMCSD, and of Defendant, THE UNITED STATES OF AMERICA, acting within the course and scope of said employment and agency. 28 U.S.C. § 1346(b) authorizes recovery for personal injury against Defendant, THE UNITED STATES OF AMERICA, caused by the acts and omissions of NMCSD Staff as federal employees and/or agents acting within the course and scope of said employment and/or agency, including NMCSD nurses, other healthcare providers and affiliated personnel.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2671 et seq. of the Federal Tort Claims Act. Further, pursuant to 28 U.S.C. § 1346(b), this court has jurisdiction over civil actions involving the United States as a defendant.

6. Venue is proper in this Court pursuant to 28 U.SC. § 1402(b), because the acts and omissions which are the subject of this Complaint occurred in San Diego County, California, within the jurisdiction of this court.

7. Pursuant to 28 U.S.C. § 2675(a), Plaintiff's administrative remedies have been exhausted. The claims set forth herein were presented to the Office of the Judge

Advocate General on December 16, 2013. On August 21, 2014, the claims were finally denied by that office via written correspondence.

## GENERAL ALLEGATIONS

8. Plaintiffs refer to and incorporate by reference each preceding paragraph as though fully set forth herein.

9. Noah Lichtefeld died on May 10, 2013 shortly after his birth at NMCSD.

10. On or about November 1, 2012 through May 10, 2013, Mrs. Lichtefeld received prenatal care from NMCSD.

11. During that care, NMCSD failed to adequately respond to signs of impending placental abruption and other health risks to Mrs. Lichtefeld and her son. NMCSD failed to admit Mrs. Lichtefeld to the hospital for monitoring and evaluation, and appropriate treatment of her health issues on May 2, 2013, or by May 8, 2013, as required under the minimum standard of care. Instead, on May 10, 2014, NMCSD Mrs. Lichtefeld suffered a placental abruption at home, setting in motion a chain of events that eventually caused her son's death, shortly after birth that day.

12. In addition to the physical injuries to Mrs. Lichtefeld, Mrs. Lichtefeld and Mr. Lichtefeld's pain and suffering of losing their son, Mrs. Lichtefeld and Mr. Lichtefeld also sustained serious emotional distress as a result of witnessing the manner and circumstances, in which their son died.

## FIRST CAUSE OF ACTION
### WRONGFUL DEATH
*By All Plaintiffs, Against Defendant, THE UNITED STATES OF AMERICA*

13. Plaintiffs refer to and incorporate by reference each preceding paragraph as though fully set forth herein.

14. In 2012 and 2013, NMCSD provided medical care to Plaintiff, Mrs. Lichtefeld, in relation to her pregnancy with Noah Lichtefeld, the son of Mrs. Lichtefeld and her husband, Mr. Lichtefeld.

15. NMCSD acted as health care providers, rendering care and treatment to Mrs. Lichtefeld and the son of Plaintiffs, Noah Lichtefeld. As such, NMCSD Staff owed a duty to Plaintiffs to possess and practice that degree of learning and skill ordinarily possessed and practiced by reputable heath care providers practicing in the same or similar locality and under similar circumstances. NMCSD Staff further owed a duty to use the care and skill exercised in like cases by reputable members of the health care profession practicing in the same or similar locality under similar circumstances, and to use reasonable diligence, and their best judgment, in the exercise of skill and the application of learning, in an effort to accomplish the purposes for which they had been employed.

16. The medical care provided by NMCSD Staff, fell below the standard of care and therefore breached NMCSD's duties to Plaintiffs described above.  The medical care and treatment provided by NMCSD Staff was provided negligently, carelessly and recklessly, and in disregard of the health, safety and well-being of Plaintiffs and their son, Noah.

17. NMCSD Staffs' negligent acts and omissions substantially, actually and proximately caused the wrongful death of Noah Lichtefeld on May 10, 2012, shortly after his birth that same day.

18. NMCSD Staffs' negligent acts also caused physical injury to Plaintiff, Mrs. Lichtefeld, resulting in general and special damages in an amount to be proven at trial.

19. Plaintiffs have incurred, and will incur in the future, damages related to the negligence of NMCSD Staff in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*By All Plaintiffs, Against Defendant, THE UNITED STATES OF AMERICA*

20. Plaintiffs refer to and incorporate by reference each preceding paragraph as though fully set forth herein.

21. Plaintiffs were present at the scene of their son, Noah Lichtefeld's injury. They were in close proximity to and witnessed NMCSD Staffs' negligent conduct, resulting in the wrongful death of Noah Lichtefeld.

22. Plaintiffs were aware that Noah Lichtefeld was being injured by NMCSD Staffs' negligence.

23. As a result of witnessing this event and as an actual and proximate result of the negligence of NMCSD Staff, Plaintiffs sustained serious emotional distress.

24. As a result of the forgoing, Plaintiffs are entitled to recover damages against Defendant, THE UNITED STATES OF AMERICA, for Negligent Infliction of Emotional Distress, according to proof.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For prejudgment interest as provided by law;
4. For costs of suit incurred; and

///

5. For such other and further relief as the court deems just and proper.

Dated: 9/26/14                              **MULLIGAN, BANHAM & FINDLEY**

                                            s/ Brian K. Findley
                                            Brian K. Findley
                                            Attorneys for Plaintiffs
                                            Email:  findley@janmulligan.com